OPINION of the Court, by
Judge Logan.
— -John Kennedy having executed his bond to Thomas Kennedy for the payment of £. 200, with a condition to convey 250 acres of land therein specified ; the obligee brought an action of covenant on said writing . and recovered a verdict and judgment: to reverse which the defendant below prosecutes this writ of error.
The first assignment of error is, that the court erred in overruling a motion fora new trial on the case stated in the bill ofexceptioas.
The ,bilí of exceptions exhibits the case pretty much at length, but is uncertain with regard to the particular ground relied on in support of the motion. It is believed however to be this, that the obligee had procured the. patent tp-said land in his own name, and so prevented a performance of the condition of the bond by the obligor.
The principlewill not be denier], that where the obli-gor is prevented by the obligee from complying with his covenant, that he shall not be liable for a breach of his contract. But it is conceived the correctness of the rule cannot be made to apply to this case. (■
The land sold belonged to the legal representative of John .Kennedy deceased. Both the obligor and obli-gee seem to have believed that the obligor was the person entitled, and under the faith of that belief the contract was made. But it turned out that the obligee himself was the heir at law, and he procured - the patent in his own name.
The question as to the measure of damages does not present itself in the case. It is not pretended that the value of the land was given. The right was cast on the obligee by the operation of law, and the obligorV inability to convey proceeded from the act of law. AÚ such he unquestionably became liable for tlie amourit *465 >* tl c cf^sifki atfon pr>i.l ia Kim, with interest thereon, ¡Í foe jury find fo.it ".inn in damages.
Tn- s. con l error assn; -ed is, that there is a materiel vor nee heiu een the ch r! iration and writing declared on ; the dee.ksr.ition going on a covenant to convey, and t h-- writing containing no such covenant.
It is true that in strictness there is no express covenant by the obligor that he would convey. He obligates i.imstlf to p-iv money, but adds the condition that Re tn.-a avoid it by conveying the land. This, it is believed, lias been the manner in which bonds have generally b. ni i xecuted for the^conve-vance of land ; and although tiie condition of a bond is intended for the benefit of the obligor, yet by our statute regulating civil proceedings it is declared, that “ in all actions upon any bond, or on any penal sum for non performance of covenants or agreements in any indenture, deed or writing contained, the plaintiff or plaintiffs may assign as man v fore aches as he or they shall think fit.”
By ibis act the condition of the writing must be brought into view, if we suppose the plaintiff's right to assign as many breaches as he may “ think fit,” in an action founded on the bond, or on the penalty therein, if he chooses to declare on it. If then the condition ol the writing may be brought into view by the plaintiff in shewing his right of action, the whole writing should be considered, and the true meaning of the parties collected therefrom.
Now if this be a correct view of the subject, there can be no doubt but that the same rules of construction which would govern in a court of equity, must apply at law. For the rules of evidence and construction of writings in both courts are the same. But in equity such obligations are specifically enforced where it is in the power of the obligor to convey. If therefore the condition of the bond shall be held obligatory on him in that court in leading to the meaning and spirit of the contract, and not leave him either to pay the penalty or discharge the condition of the bond by conveying, as he finds it his interest to do the one or the other, so if the condition can authorise the assignment of breaches at taw, ought it to be in the same manner .'-cnsiruod.
*466 If this be a correct exposition of this writing, the variance alleged between it and the declaration will be found not substantially to exist.
Whether the expression of Lord Mansfield, in 2 Bur. 826 is authority, oy an obiter dictum of his, does not seem in the present case very important. One position, however, taken in that expression seems conclusive, that the condition of the bond is an agreement. For if it be no agreement it could not operate against the penalty of the bond, nor could it ever be enforced in equity.
Now the action of covenant is defined to be for the recovery of damages, for breach of any agreement entered into by deed between the parties. And there is no need for the word covenant ; for any thing under the hand and seal of the parties importing an agreement, amounts to a covenant — See Esp. N. P. 266-7.
The condition to this writing is the agreement of the parties ; it is under the hand and seal of the obligor, binding- on the obligee; and therefore amounts to a covenant. As such, it is to be so construed as to correspond with the intention of the parties at the time of making the contract. That intention is conceived to have been for a conveyance of the land in the writing mentioned, and the action of covenant, therefore, for a failure to comply, properly lies.
The third assignment of error is, that the action of covenant cannot be supported on said writing. It is answered in the preceding argument.
The judgment -of the circuit court must be affirmed with costs and damages.